1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5747
    Fax: (415) 703-5843
8   Email: Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry
   SF2008400153

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| MARCO MARROQUIN, | C-07-6098 MJJ (PR) |
|---|---|
| Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| BEN CURRY, | Judge: The Honorable Martin Jenkins |
| Respondent. | |

TO PETITIONER MARCO MARROQUIN, IN PRO PER,

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden at the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2000) and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that Marroquin did not exhaust his state court remedies for all of his claims. This motion is based on the notice and motion, the memorandum of points and authorities and exhibit, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Marroquin, an inmate at the Correctional Training Facility, represents himself in this habeas corpus action. Marroquin contends that the Board of Parole Hearings unconstitutionally found him unsuitable for parole at a 2006 subsequent parole consideration hearing. This Court found Marroquin's six claims sufficient to require a response: (1) that he has a liberty interest protected by due process in being found suitable for parole; (2) that the Board violated his due process rights in applying regulations to override statute; (3) that the Board violated his equal protection rights by failing to consider setting his term and failing to fix a primary term; (4) that the Board's denial based on the commitment offense violated his due process rights; (5) that the Board violated his due process rights by denying parole based on a predetermined outcome; and (6) that the Board violated his due process rights by holding his parole suitability hearing when he is a foreign national subject to deportation. (Order to Show Cause at 2.) Marroquin failed to exhaust all but one of these claim in his California Supreme Court petition for review. Thus, this Court should dismiss Marroquin's mixed petition.

**ARGUMENT**

**THIS PETITION SHOULD BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.**

This Court should dismiss Marroquin's petition as mixed because Marroquin failed to exhaust five of his six claims by presenting them in his California Supreme Court petition for review. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law . . . ." *Rose*, 455 U.S. at 518 (citation omitted).

It is the petitioner's burden to prove that he has exhausted his state court remedies before

filing his federal habeas petition. *See Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *See Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Lastly, a petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, the petition should be dismissed because Marroquin failed to meet the state court exhaustion requirement for all of his federal claims. Firstly, Marroquin fairly presented only his fourth federal claim – that the Board violated his due process rights by relying on the commitment offense to deny parole – to the California Supreme Court. (*See* Ex. 1, Pet. for Review, at 3.) In the petition for review that Marroquin filed with the California Supreme Court, he does not assert any of his other federal claims, much less set forth any related legal arguments. (*See id.* at 1-6.)

Secondly, Marroquin does not demonstrate that no state remedy is available for his unexhausted federal claims. In fact, Marroquin is not precluded from exhausting his state court remedies because the California Supreme Court has original jurisdiction to review petitions for writ of habeas corpus. Cal. Const. art. VI, § 10. Thus, Marroquin can still file a habeas petition in the California Supreme Court alleging the unexhausted claims. Accordingly, Marroquin has not "reach[ed] the point where he has no state remedies available to him . . ." and the petition should be dismissed. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (citation omitted).

///
///
///
///

## CONCLUSION

Marroquin did not fairly present all of his claim to the California Supreme Court before filing this federal petition; therefore, he failed to meet his burden of proof regarding state court exhaustion. Thus, this Court should dismiss Marroquin's mixed petition.

Dated: March 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

40225880.wpd

Respt's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.

*Marroquin v. Curry*
Case No. C-07-6098 MJJ (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Marco Marroquin v. Ben Curry*

No.:   U. S. C. C., N. D., San Francisco Division, C-07-6098 MJJ (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 18, 2008, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES with Exhibit 1**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marco Marroquin, H-62380
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 18, 2008**, at San Francisco, California.

J. Baker
Declarant

Signature

40230422.wpd