ORIGINAL

Marco Marroquin, H-62380
Box 689    G- 123L
California State Prison
Soledad, Ca 93960-0689

Petitioner in pro se

FILED

MAR 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO MARROQUIN,                )   Case No. C-07-6098 MJJ (PR)
                                )
        Petitioner,             )
                                )
v.                              )   PETITIONER'S RESPONSE TO THE RESPONDENTS
                                )   MOTION TO DISMISS WITH POINTS AND
BEN CURRY, Warden,              )   AUTHORITIES.
                                )
        Respondent.             )
                                )

Petitioner herein responds/answers to the Respondents MOTION TO DISMISS, with reliance on all documents before this Court including exhibits, petitions and motions filed throughout this habeas action in the state courts.

Respondent claims that Petitioner failed to exhaust 5 of his 6 issues in the State Supreme Court, and, failed to cite to federal authority. Petitioner denies these claims by Respondent and relies on the following.

In general, the standard of review applicable to a habeas corpus petition is set forth in 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."

1

By its terms, §2254(d) is applicable only to habeas claims that were "adjudicated on the merits..." Id. Here, the California Supreme Court denied Petitioner's petition without comment, which is a decision on the merits. See, Hunter v. Aispuro, (9th Cir. 1992) 982 F.2d 344, cert. denied, 510 U.S. 887 (1993); Ylst v. Nunnemaker, 501 U.S. 797, 803-804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

Because the California Supreme Court denied Petitioner's petition without comment the AEDPA differential standard of review is applicable.

On Petitioner's (state) 'judicial form' at page(s) 3 & 4, under No. 6 "GROUNDS FOR RELIEF" "Due process and equal protection violations; see attached petition." Under 6.a. "SUPPORTING FACTS" "See attached petition and Motion for Judicial Notice attached hereto". At 6.b. "Supporting cases, rules, or other authority (optional)" "See attached petition and Motion for Judicial Notice attached hereto." Same for page 4 at 7.a,b.

At page 6 of the (state) 'judicial form' at 13.a.(3) "See attached petition in full", at 13.b.(3) "See attached petition in full".

Thus, Petitioner has established that he has standing before this Honorable Court to adjudicate the 'entire' habeas corpus petition as was presented to 'ALL' state courts, thus this Court has jurisdiction to adjudicate the merits of all claims presented as questions of federal constitutional law.

Petitioner asserts that the state courts 'determinations' although in the form of post card denials and/or 'unreasoned opinions' are contrary to clearly established federal law as defined by the United States Constitution, as was set forth in the instant habeas petition.

Although the State Supreme Court issued a 'post card denial', and, the Appellate court did likewise, and, the Superior Courts decision was an "unreasoned decision", contrary to the facts and evidence presented it becomes clear that a pro per Petitioner, upon responding to 'what the lower courts did not do' falls into traps and pitfalls because he submits his entire habeas petition as "Grounds"

and "Authorities" without re-iterating each word and authority relied upon.

Federal habeas corpus requires only that state prisoners give state courts fair opportunity to act on their claims. O'Sullivan v. Boerckel, 526 U.S. 838, 144 L.Ed.2d 1, 119 S.Ct. 1728 (1999). Petitioner contends that he gave three (3) state courts more than a fair opportunity to adjudicate his claims on the merits and evidence presented along with supporting authorities, and those courts 'chose' to not adjudicate Petitioner's claims.

In Papantony v. Hedrick, 215 F.3d 863 98th Cir. 2000), the court held that pro se habeas petitioner's should not unreasonably be subjected to stringent procedural niceties. In U.S. v. Seesing, 234 F.3d 456 (9th Cir. 2000), the Ninth Circuit held that pro se complaints and motions from prisoners are to be liberally construed.

Following these two authorities it is reasonable for this Court to find that Petitioner has exhausted all his claims as is presented in the case at bar.

As the United States Supreme Court articulated:

> "[The Great Writ of habeas Corpus] always could and still can reach behind prison walls and iron bars. But it can do more. It is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose - the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." See, Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

State courts are obligated to apply and adjudicate federal claims fairly presented to them. City of Auburn v. Quest Corp., 260 F.3d 1160 (9th Cir. 2001). Petitioner submits that the superior court 'avoided' the majority of Petitioner's claims in favor of a simple reliance on unchanging factors and the commitment offense, in violation of federal authorities presented to that court; likewise the Appellate Court, and, the State Supreme Court followed in the Superior Court's footsteps with their post card denial.

## CONCLUSION

Petitioner's habeas petition is properly before this Court, all claims have

1  been exhausted and Petitioner did refer to federal case citations and U.S.
2  Constitutional violations throughout his petition. This Court, due to 'post card
3  denials' and 'unreasoned opinions' by the state courts has been given the burden
4  of reviewing the entire record/petition and Petitioner prays that this Court finds
5  that 'all' claims presented were exhausted and fairly presented to the State
6  Supreme Court as Petitioner's claims are cognizable for habeas relief.

                                Respectfully submitted,

                                _____
                                Marco Marroquin

Dated: March 24, 2008

ATTACHMENT

6. GROUNDS FOR RELIEF
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

   **Due process and equal protection violations; see attached petition.**

   a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

   **See attached petition and Motion for Judicial Notice attached hereto.**

   b. Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

   **See attached petition and Motion for Judicial Notice attached hereto.**

7. **Ground 2 or Ground** _____ *(if applicable):*
Due process and equal protection violations; see attached petition.

a. Supporting facts:
See attached petition and Motion for Judicial Notice attached hereto.

b. Supporting cases, rules, or other authority:
See attached petition and Motion for Judicial Notice attached hereto.

MC-275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  [XX] Yes. If yes, continue with number 13.   [ ] No. If no, skip to number 15.

13. a. (1) Name of court: __Superior court of California, Los Angeles Aounty,__

   (2) Nature of proceeding (for example, "habeas corpus petition"): __Habeas Corpus Petition__

   (3) Issues raised: (a) __See attached petition in full__

   (b) __//__

   (4) Result (Attach order or explain why unavailable): __Semi-post card denial attached hereto__

   (5) Date of decision: __January 12, 2007__

   b. (1) Name of court: __Court of Appeals, Second Appellate District, Division Four__

   (2) Nature of proceeding: __Petition for review__

   (3) Issues raised: (a) __See attached petition in full__

   (b) __//__

   (4) Result (Attach order or explain why unavailable): __Semi-post card denial attached hereto__

   (5) Date of decision: __August 8, 2007 (Received by Petitioner Aug 17, 2007__

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   __No hearings, review, or evidentiary hearings held in any court__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   __There is no delay for this Petition for review as the denial was received by this Petitioner on August 17, 2007, 9 days after the denial (copy of envelope attached.__

16. Are you presently represented by counsel? [ ] Yes.  [XX] No. If yes, state the attorney's name and address, if known:
   __Petitioner is being assisted by inmate Samuel A. Dubyak, D-54700, Petitioner is not literate in the English language or legaleze, being a Guatemalan National__

17. Do you have any petition, appeal, or other matter pending in any court? [XX] Yes.  [ ] No. If yes, explain:
   __Petitioner is currently before the Northern District Federal Court on his previous, 2003, denial of suitability for parole.__

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   __This is the Court of proper jurisdiction as to exhaustion requirements before filing for relief in the federal courts.__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: __8/20/07__   ▶ _(signature)_
(SIGNATURE OF PETITIONER)

```
                    PROOF OF SERVICE MY MAIL
```

1  I, Marco Marroquin declare that;

   I am over 18 years of age and that I am the pro per Petitioner to the hereto attached cause of action; My complete mailing address is; Marco Marropquin, H-62380, Box 689 G-123L , California state prison, Soledad, CA 93960-0689.
   That I deposited a true and correct copy, Original to the court, of the attached documents, in sealed envelopes with postage fully prepaid and deposited said documents in the prison mail box (mail box rule) U.S. Mail, addressed to the following parties;

CLERK OF THE COURT
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GLODEN GATE AVE.
SAN FRANCISCO, CA 94102-3483

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
D.D.A. STEVEN G. WARNER
455 GOLDEN GATE AVE. Suite 11000
SAN FRANCISCO, CA 94102-7004

                           DECLARATION
   I declare under penalty of perjury that the foregoing is true and correct, executed this 24 day of March, 2008, at Soledad, California (State prison).

                           _____
                           marco Marroquin