1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5747
     Fax: (415) 703-5843
8    Email: Steven.Warner@doj.ca.gov
   Attorneys for Respondent Warden Ben Curry
9  SF2008400153

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCO MARROQUIN,<br><br>                         Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>                         Respondent. | C-07-6098 PJH (PR)<br><br>**RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Judge: The Hon. Phyllis J. Hamilton |

In this habeas petition, Marco Marroquin challenges the Board of Parole Hearings' parole denial at his 2006 subsequent parole consideration hearing. Respondent moved to dismiss the mixed petition because Marroquin failed to exhaust all but one of his six claims. In his opposition, Marroquin does not establish that he exhausted his five challenged claims.

Marroquin contends that "because the California Supreme Court denied Petitioner's petition without comment[,] the AEDPA differential [sic] standard of review is applicable." (Opp'n 2.) This contention is not relevant to whether Marroquin exhausted his claims.

Furthermore, Marroquin conclusorily points out that in his California Supreme Court

petition for review he wrote "see attached petition" under grounds for relief, that he wrote "[s]ee attached petition in full" in response to the question asking whether he filed any other petitions, and then summarily contends that "Petitioner has established that he has standing . . . to adjudicate the 'entire' habeas corpus petition as was presented to 'ALL' state courts." (Opp'n 2.) This contention does not prove that Marroquin exhausted all of his claims by presenting them to the California Supreme Court. *See Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986) (holding that in California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court). In the grounds for relief sections of Marroquin's California Supreme Court petition for review, the attached petition to which Marroquin refers is his "Petition for Review in the Supreme Court of California" (typewritten on pleading paper). As Respondent noted in the motion to dismiss, Marroquin fairly presented only his fourth federal claim – that the Board violated his due process rights by relying on the commitment offense to deny parole – to the California Supreme Court in this petition for review. (*See* Ex. 1 to Mot. to Dismiss, at [typewritten page] 3.) Marroquin refers to his lower state court petitions – "attached in full" – only in the section of his petition for review that inquires about other court petitions. This section is numbered separately – six paragraphs apart – from the grounds for relief section, and thus there is no reason to believe the California Supreme Court treated the claims in those lower court petitions outside of his typewritten petition for review as presented to it. Marroquin's attaching his lower state court petitions to his California Supreme Court petition for review does not change the fact that five of his six federal claims were not present on the face of his petition for review – from the opening line through the conclusion on the sixth typewritten page. (*See* Ex. 1 to Mot. to Dismiss.) Therefore, Marroquin has not persuasively countered Respondent's argument that the instant petition is mixed and must be dismissed. *Pliler v. Ford*, 542 U.S. 225, 227 (2004).

///
///
///
///

1  For the reasons stated above and in Respondent's March 18, 2008 Motion to Dismiss, this
2  Court should grant the Motion.

3  Dated: April 9, 2008

4  Respectfully submitted,

6  EDMUND G. BROWN JR.
   Attorney General of the State of California

7  DANE R. GILLETTE
   Chief Assistant Attorney General

8  JULIE L. GARLAND
9  Senior Assistant Attorney General

10 ANYA M. BINSACCA
   Supervising Deputy Attorney General

13 /s/ Steven G. Warner
   STEVEN G. WARNER
14 Deputy Attorney General
   Attorneys for Respondent

28 40234268.wpd

Resp't's Reply to Opp'n to Mot. to Dismiss

*Marroquin v. Curry*
Case No. C-07-6098 PJH (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Marco Marroquin v. Ben Curry*

No.:   U. S. C. C., N. D., San Francisco Division, C-07-6098 PJH (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 9, 2008</u>, I served the attached

### RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marco Marroquin, H-62380**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 9, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Baker | *[signature]* |
| Declarant | Signature |

40239352.wpd