UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCO MARROQUIN,

    Petitioner,

vs.

BEN CURRY,

    Respondent.
_____/

No. C 07-6098 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND**

This is a habeas case filed pro se by a state prisoner. It formerly was assigned to Judge Martin Jenkins and now has been reassigned to the undersigned. Respondent has responded to the order to show cause with a motion to dismiss the petition as mixed, and petitioner has opposed the motion. For the reasons set out below, the motion will be granted.

## DISCUSSION

The grounds for relief which petitioner included in his federal petitioner were that: (1) he has a liberty interest protected by due process in being found suitable for parole; (2) the Board violated his right to due process in their application of 15 California Code of Regulations §§ 2400-2411 to "over-ride" California Penal Code § 3041(a),(b); (3) the Board violated his right to equal protection by failing to consider setting his term and failing to fix a primary term; (4) the Board violated his right to due process when they denied parole based on the facts of his commitment offense; (5) the Board violated his right to due process by denying parole based on a "predetermined outcome;" and (6) the Board violated his right to due process by holding parole suitability hearings for a foreign national subject to deportation, such as petitioner. Respondent contends that only the fourth issue is

exhausted, making this a mixed petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner's state habeas petition was denied in the California Court of Appeal.

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

2

Petitioner then petitioned for review in the California Supreme Court. Respondent contends that the petition for review was insufficient to "fairly present" any of petitioner's issues except his fourth issue.

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

In the form portion of his petition for review in the California Supreme Court petitioner listed his first ground as "Due process and equal protection violations; see attached petition." Ex. 1 at 3. In the subsections of ground one calling for "[s]upporting facts" and "[s]upporting cases...," he wrote "[s]ee attached petition and Motion for Judicial Notice attached hereto." *Id.* For ground two, he wrote exactly the same thing as in ground one. *Id.* at 4.

It therefore is clear that the issue which was presented in the attached typed document headed "Petition for Review in the Supreme Court of California" is exhausted. In that document petitioner contended that the circumstances of his offense did not, given the passage of time, constitute "some evidence" to support the denial of parole. *Id.* at (attachment) 3. This is his fourth issue here, the one that respondent concedes is exhausted.

But what of the other five issues? The non-form attachment "Petition for Review in the Supreme Court of California" came to an end after presenting issue four. Page six of

3

that attachment carries petitioner's signature. Following that is an unlabeled minute order from the superior court denying a state petition, then a document headed "California Court of Appeals [sic][;] Second Appellate District." In it petitioner states that he "herein appeals to the [California Court of Appeal]," and complains about the superior court's decision. It ends with a signature line on page five. Following *that* is another document, without any indication of what court it was filed in, headed "To the Honorable Judges" and listing the six issues raised here. None of these attachments is labeled "exhibit."

Respondent's argument is that the petition for review did not fairly present the other five issues when they were only contained in an attachment as described above, an attachment which appears to have been intended as an exhibit rather than as part of the petition for review itself. Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. *Baldwin v. Reese*, 541 U.S. 27, 30-34 (2004). Although the court is sympathetic to petitioner's difficulties in coping with the complexities of habeas procedure, the fact remains that the state supreme court would not have thought, in looking at his petition for review, that he was raising any issues other than the "some evidence" one. The remaining five issues are unexhausted. Respondent's motion will be granted and petitioner will be afforded an opportunity to choose among three possible courses for the further conduct of the case.

## CONCLUSION

1. Respondent's motion to dismiss (document number 4 on the docket) is **GRANTED**.

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[2] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are

---

[2] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

4

exhausted;[3] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the five unexhausted issues, then, if unsuccessful in state court, return here and ask that the stay be lifted.  If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

    3.  Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered.  If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: May 20, 2008.

                                PHYLLIS J. HAMILTON
                                United States District Judge

G:\PRO-SE\PJH\HC.07\MARROQUIN6098.EXH.wpd

---

[3] If he chooses this option he probably will not be able to file a future federal petition containing the five unexhausted issues, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).