EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5747
 Fax: (415) 703-5843
 Email: Steven.Warner@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008400153

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCO MARROQUIN,<br><br>                 Petitioner,<br><br>   v.<br><br>BEN CURRY,<br><br>                Respondent. | Case No. C-07-6098 PJH (PR)<br><br>**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Phyllis J. Hamilton |

As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Marco Marroquin, Respondent admits, alleges, and denies that:

    1.    Marroquin is in the lawful custody of the California Department of Corrections and Rehabilitation following his 1993 conviction of second-degree murder with a weapon enhancement. (Pet. at 1.) Marroquin is serving a life sentence with the possibility of parole. (*Id.*)

    2.    In 2006, Marroquin filed a petition for writ of habeas corpus in Los Angeles County Superior Court, alleging that the Board of Parole Hearings' 2006 decision denying him parole

violated his due process rights. (Ex. 1, Super. Ct. Pet.; Ex. 2, [Super. Ct. Minute] Order.) The superior court denied the petition, finding that the "conclusion that the defendant is a danger to the community, if released, is amply supported by the evidence." (Ex. 2 at 2.)

3. Marroquin then filed petitions in the California Court of Appeal and the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Sup. Ct. Pet.) The California Court of Appeal denied the petition based on the conclusion that the commitment offense supported the denial. (Ex. 5, Ct. App. Order.) The California Supreme Court summarily denied the petition. (Ex. 6, Cal. Appellate Cts. Case Information at 2.)

4. Respondent admits that Marroquin exhausted his state court remedies regarding the claim that the Board's 2006 decision was not supported by some evidence. Respondent denies that Marroquin has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim, or those dismissed as unexhausted after Respondent's Motion to Dismiss.

5. Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

6. Respondent denies that Marroquin is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

7. Respondent denies that Marroquin has a federally protected liberty interest in parole and, therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty

interest). Continued confinement under an indeterminate life sentence does not impose an "atypical or significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Marroquin does not have a federal liberty interest in parole. Respondent acknowledges that in *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole statute creates a federal liberty interest in parole under the mandatory-language analysis of *Greenholtz*, but preserves the argument, which is pending en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

8. Even if Marroquin has a federal liberty interest in parole, he received all due process to which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442 U.S. at 16.

9. Respondent denies that the some-evidence standard is clearly established federal law in the parole context. Respondent further denies that the good cause and preponderance of the evidence standards apply to parole decisions, and affirmatively alleges that no clearly established federal law requires the application of those standards. Respondent also denies that the some evidence standard urged by Marroquin – whether some evidence indicates an inmate's release unreasonably endangers public safety – is correct. (Amended Pet., 6.) Respondent further affirmatively alleges that to the extent Marroquinn's contentions rely on *In re Ronald Singler*, 161 Cal. App. 4th 281 (2008), they lack merit because under AEDPA this Court may only rely on clearly established federal law and further, the case is not citeable after the California Supreme Court's grant of review. *In re Ronald Singler*, 2008 Cal. LEXIS 8254 (Cal. July 9, 2008).

10. Respondent denies that the Board's 2006 decision violated Marroquin's federal due process rights, was arbitrary, or was unsupported by any evidence.

11. Respondent affirmatively alleges that Marroquin's claims about the Board's application of California Penal Code section 3041 and the regulatory sentencing matrix are state law claims not properly before this Court.

12. Respondent affirmatively alleges that the Board may deny parole based solely on the commitment offense and other unchanging factors. Respondent alleges that the commitment offense is some evidence of unsuitability. Respondent affirmatively alleges that there is no clearly established federal law, including *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), preventing a denial of parole based solely on the commitment offense, or providing that the commitment offense is not evidence of unsuitability.

13. Respondent denies that the Board is required to analyze or prove a nexus between the factual evidence supporting the statutory and regulatory parole-consideration factors and the inmate's current risk of danger to public safety, whether or not the Board relies on immutable factors. Respondent affirmatively alleges that there is no clearly established federal law requiring such a nexus.

14. Respondent denies that the Board must point to contrary evidence when finding unsuitable an inmate whose psychological report indicates that he possess a low risk of danger upon release. Respondent affirmatively alleges that there is no clearly established federal law requiring the Board to make such a showing.

15. Respondent denies that an evidentiary hearing is necessary. Marroquin's claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

16. Respondent denies that Marroquin is entitled to an order requiring the Board to set a release date. The remedy is limited to the process that is due, which is a new Board hearing comporting with due process. *See, e.g., Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

17. Marroquin fails to state or establish any grounds for habeas corpus relief.

18. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Marroquin claims that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Marroquin merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief.

## ARGUMENT

### I.

### MARROQUIN HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Marroquin has not demonstrated that he is entitled to relief under this standard.

#### A. Marroquin Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an

1  opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The
2  Constitution does not require more." *Id.*[1/] No other Supreme Court holdings require more at a
3  parole hearing.
4      Marroquin does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)
5  Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding
6  an inmate's due process rights during parole proceedings, the state court decision upholding the
7  Board's parole denial was not contrary to clearly established federal law. Thus, the Petition
8  should be denied.
9      Although Marroquin alleges that the Board's decision must be supported by clear and
10 convincing evidence, there is no clearly established federal law applying this standard – or the
11 some-evidence standard – to parole decisions. The Supreme Court has held that under AEDPA a
12 test announced in one context is not clearly established federal law when applied to another
13 context. *Wright v. Van Patten*, ___U.S.___ 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*,
14 ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*, 127 S. Ct. at 652-54; *see also*, *Foote v. Del
15 Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir.
16 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). The Supreme Court developed
17 the some-evidence standard in the context of a prison disciplinary hearing, *Superintendent v.
18 Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally different context than a parole
19 proceeding. Because the tests and standards developed by the Supreme Court in one context
20 cannot be transferred to distinguishable factual circumstances for AEDPA purposes, it is not
21 appropriate to apply the some-evidence standard of judicial review to parole decisions.
22     Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is
23 improper under AEDPA. *See, e.g., Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461
24 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007). Moreover, AEDPA does not

---

1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Answer to Order to Show Cause; Mem. of P. & A.                    *Marroquin v. Curry*
                                                                  Case No. C-07-6098 PJH (PR)

1  permit relief based on circuit case law. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders
2  decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158,
3  1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what
4  constitutes clearly established law." . . . "Circuit precedent derived from an extension of a
5  Supreme Court decision is not clearly established federal law as determined by the Supreme
6  Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth
7  Circuit's use of the some-evidence standard is not clearly established federal law and is not
8  binding on this Court.

9  Marroquin contends that the Board's decision was arbitrary because there was no
10 legitimate, logical reason for the failure to set a date. (Amended Pet. at 5.) This contention lacks
11 merit. The Board's findings and decision would be arbitrary if made seemingly at random
12 without individualized consideration of Marroquin's case. Here, the Board individually
13 considered Marroquin's pre- and post-conviction factors and therefore did not make arbitrary
14 findings or an arbitrary decision.

15 Similarly, Marroquin's additional claim that the Board's reliance on immutable factors
16 violates due process finds no support in Supreme Court precedent. Although the Ninth Circuit
17 has suggested that this might amount to an additional due process claim, *Biggs*, 334 F.3d at 917,
18 because there is no clearly established federal law precluding reliance on unchanging factors
19 federal habeas relief is not available. 28 U.S.C. § 2254(d).

20 In sum, the only clearly established federal law setting forth the process due in the parole
21 context is *Greenholtz*. Marroquin does not allege that he failed to receive these protections.
22 Therefore Marroquin has not shown that the state court decisions denying habeas relief were
23 contrary to clearly established federal law.

**B.    Marroquin Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

26 Habeas relief may only be granted based on AEDPA's unreasonable-application clause
27 where the state court identifies the correct governing legal rule from Supreme Court cases but
28 unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The

petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Marroquin is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence standard as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Marroquin has not shown that the state courts unreasonably applied the standard.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned decision is the California Court of Appeal decision denying Marroquin's habeas petition. (Ex. 5.) The California Court of Appeal denied the petition, and noted that "[d]enial of parole may be based solely upon the particular circumstances of the inmate's commitment offense." (Ex. 5.) Marroquinn's claim fails: he has not shown that the California Court of Appeal unreasonably applied *Hill*, but rather asks this Court to re-weigh his suitability. Such a re-weighing has no basis in United States Supreme Court law.

### C. Marroquin Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state courts' factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Marroquin alleges that the Board's decision is not supported by the evidence, he does not show that the state court made factual errors. Here the California Court of Appeal noted that "[t]he record shows that the circumstances of petitioner's second-degree murder offense 'exceed the minimum elements necessary to sustain a conviction' of second-degree murder" and . . . "[t]he motive for the offense was very trivial, and petitioner deliberately

1 | returned to the bar with a loaded gun and callously shot the un-armed victim." (Ex. 5 (citation
2 | omitted).) Marroquin has not alleged by clear and convincing evidence that the factual
3 | determinations are incorrect. He disagrees with the weight the Board assigned to the evidence.
4 | This disagreement does not entitle Marroquin to federal habeas relief.

## CONCLUSION

Marrroquin has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: August 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20132143.wpd

Answer to Order to Show Cause; Mem. of P. & A.

*Marroquin v. Curry*
Case No. C-07-6098 PJH (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Marco Marroquin v. Ben Curry*

No.:   U. S. D. C., N. D., San Francisco Division, C-07-6098 PJH (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 25, 2008, I served the attached

**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 6**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marco Marroquin, H-62380
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 25, 2008**, at San Francisco, California.

| J. Baker | *(signature)* |
|---|---|
| Declarant | Signature |

20135303.wpd